No. 01-579

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 6N

ANACONDA DEER LODGE COUNTY LAW
ENFORCEMENT DEPARTMENT,

      Petitioner and Respondent,

   v.

ONE 1994 FORD TRUCK,
STEVEN M BERRINGTON,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
                  In and for the County of Deer Lodge,
                  The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Steven M. Berrington, Bozeman, Montana (*Pro Se*)

      For Respondent:

          Hon. Mike McGrath, Attorney General; Jennifer Anders,
          Assistant Attorney General, Helena, Montana

          Michael B. Grayson, Deer Lodge County Attorney,
          Anaconda, Montana

                            Submitted on Briefs:  December 13, 2002

                                    Decided:  January 17, 2003

Filed:

_____
                           Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Steven M. Berrington (Berrington) appeals from the findings of fact, conclusions of law and order entered by the Third Judicial District Court, Deer Lodge County, granting the petition for forfeiture filed by the Anaconda Deer Lodge County Law Enforcement Department (Department).  We affirm.

¶3   The issue on appeal is whether the District Court erred in granting the Department's forfeiture petition.

BACKGROUND

¶4   On the night of April 15, 2000, a Department officer on patrol in Anaconda, Montana, observed a vehicle matching the description of one owned by Berrington.  Aware warrants existed for Berrington's arrest, the officer attempted to stop the vehicle. The driver of the vehicle, later identified as Berrington, tried to elude the officer, but eventually pulled over to the side of the road.  Berrington then exited the vehicle and ran away on foot. Several hours later, Department officers responded to a call that a man matching Berrington's description was at a private residence

2

asking to use the telephone and refusing to leave the premises. The officers arrived at the residence, found Berrington and arrested him. The officers then conducted a pat-down search of Berrington for weapons, during which they discovered two small containers containing a white powdery substance suspected--and later established--to be methamphetamine.

¶5 Berrington was on probation at the time of his arrest. On April 17, 2000, Department officers contacted Berrington's probation officer and requested that the probation officer authorize a search of Berrington's vehicle. The search uncovered additional methamphetamine, two firearms and drug paraphernalia. Berrington subsequently was charged with--and pleaded guilty to--a variety of offenses, including felony criminal possession of dangerous drugs.

¶6 The Department then filed a petition alleging that Berrington's vehicle was a conveyance used to unlawfully transport methamphetamine and requesting the District Court to declare the vehicle forfeit pursuant to Title 44, Chapter 12 of the Montana Code Annotated (MCA). Berrington opposed the petition, arguing that evidence of the methamphetamine found in his vehicle should be suppressed as gained through an unlawful search and that, absent the evidence, the Department could not establish a basis for the forfeiture. The District Court held a hearing and later entered findings of fact, conclusions of law and an order granting the Department's petition. Berrington appeals.

STANDARD OF REVIEW

3

¶7   In reviewing a district court's grant of a forfeiture petition, we review its findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether the court correctly interpreted the law.  In the Matter of the Seizure of $23,691.00 in U.S. Currency (1995), 273 Mont. 474, 483, 905 P.2d 148, 154.

## DISCUSSION

¶8   Did the District Court err in granting the Department's forfeiture petition?

¶9   As stated above, the Department brought its forfeiture petition pursuant to Montana's forfeiture statutes.  Section 44-12-102(1)(d), MCA, provides that any vehicle used or intended to be used to facilitate the commission of a drug offense is subject to forfeiture.  Moreover, § 44-12-103(1), MCA, provides that

> [a] peace officer who has probable cause to make an arrest for a violation of Title 45, chapter 9 [a drug offense], probable cause to believe that a conveyance has been used or is intended to be used to unlawfully transport a controlled substance, or probable cause to believe that a conveyance has been used to keep, deposit, or conceal a controlled substance shall seize the conveyance so used or intended to be used or any conveyance in which a controlled substance is unlawfully possessed by an occupant.  He shall immediately deliver a conveyance that he seizes to the offices of his law enforcement agency, to be held as evidence until forfeiture is declared or release ordered.

A presumption of forfeiture exists regarding most property eligible for forfeiture under § 44-12-102, MCA, including vehicles; the presumption may be rebutted by the property owner proving the property was not used for the purpose charged or was used without his consent.  Sections 44-12-203(1) and 44-12-204, MCA.

4

¶10 The Department's petition alleged that Berrington's vehicle was subject to forfeiture pursuant to these statutes because it was used, and intended to be used, by Berrington for the transportation and possession of dangerous drugs in violation of § 45-9-102, MCA. The District Court concluded, following a hearing, that the Department had proven by clear and convincing evidence the vehicle was used to transport methamphetamine, Berrington had not offered proof to overcome the presumption of forfeiture and, as a result, the vehicle was subject to forfeiture.

¶11 Berrington argues that the District Court's conclusion the vehicle was used to transport methamphetamine is erroneous and, consequently, its further conclusion that the vehicle was subject to forfeiture also is erroneous. Specifically, he asserts that the Department's petition was based on the discovery of methamphetamine in his vehicle as a result of the search authorized by his probation officer and that the search was illegal because it was conducted for the purposes of a criminal investigation rather than for legitimate probation purposes. On that basis, Berrington contends that the District Court should have suppressed the evidence of the methamphetamine found in his vehicle and, had the court done so, there would be no basis for the forfeiture. We need not address the legality of the search of Berrington's vehicle.

¶12 In its findings of fact, the District Court determined that, at the time Berrington was arrested, there was

> [f]ound on his person . . . two small containers that contained a white powdery substance suspected to be Methamphetamine. During the time of this man-hunt Mr. Berrington did not have the opportunity to acquire the

5

> dangerous drug elsewhere thereby leading to the conclusion that he possessed the dangerous drug while eluding police officers while driving and while on foot.

Berrington offered no evidence at the hearing on the petition to dispute these facts and does not challenge the finding on appeal. Consequently, according to the District Court's finding, Berrington was in possession of the two small containers of methamphetamine in violation of § 45-9-102, MCA, at the time he was driving his vehicle and the vehicle was used to transport those containers. As a result, and on that basis, his vehicle was subject to seizure and forfeiture pursuant to §§ 44-12-102 and 44-12-103, MCA, regardless of the discovery of the additional methamphetamine in the vehicle during the subsequent search.

¶13 We conclude that the District Court's conclusions of law that Berrington's vehicle was used to transport methamphetamine and was subject to forfeiture are not erroneous. We hold, therefore, that the District Court did not err in granting the Department's forfeiture petition.

¶14 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER

6